## BACKSTER, Plaintiff in Error, v. HALL, Defendant in Error.

1. The supreme court will not review the verdicts of juries on the ground that they are against the weight of evidence.

*Error to Lafayette Circuit Court.*

*Ryland & Son*, for plaintiff in error.

*Hovey*, for defendant in error.

NAPTON, Judge, delivered the opinion of the court.

This case turns entirely upon a question of fact, which the court below found against the plaintiff, and we are called upon to set aside the verdict as not warranted by any evidence in the case.

There is no controversy that, *prima facie*, the defendant,

as one of the makers of the note, is liable to the plaintiff who was the endorser, but if the plaintiff and defendant understood themselves to be co-securities for the other maker of the note, Kennedy, then this action can not be sustained, as the defendant has paid his half of the note. Whether such an understanding existed was a question of fact for the jury or court which tried the case, and we can not say there was no evidence from which such an understanding could be inferred. When we consider the practice of the bank in requiring notes in a particular form for discount, the anxiety of the plaintiff in relation to the original note of five hundred dollars, which, under the circumstances, would seem to have been unnecessary upon the supposition that he believed the defendant to stand between him and all liability, and the fact that the plaintiff and Kennedy went into the country to procure the defendant's signature, all three being present when the note was signed, the inference is not unreasonable that the plaintiff and defendant intended and believed themselves to be sharing equally the responsibility attending the transaction. However this may be, the case is not one in which this court feels itself under obligation to interfere. The instructions being right, the judgment must be affirmed. The other judges concur.